IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION,<br>1310 North Courthouse Road, Suite 700<br>Arlington, VA 22201,<br><br>      Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530-0001,<br><br>      Defendant. | Civil Action No. 20-1848 |

## COMPLAINT

1. Plaintiff Americans for Prosperity Foundation ("AFPF") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to records from Defendant U.S. Department of Justice ("DOJ") by and through its component, the Executive Office for United States Attorneys ("EOUSA").

2. The FOIA request at issue here seeks records concerning U.S. Attorney for the Southern District of West Virginia ("SDWV") Michael Stuart's creation, placement, and payment for radio advertisements in West Virginia. To date, the requested records remain undisclosed.

## JURISDICTION AND VENUE

3. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

5. Plaintiff AFPF is a 501(c)(3) nonprofit organization committed to educating and training Americans to be courageous advocates for the ideas, principles, and policies of a free and

open society.  AFPF is dedicated to educating the public about the effects of overcriminalization and reforming the criminal justice system.  As part of that mission, AFPF files and litigates FOIA requests to investigate and learn about the functions of government.  AFPF has an active state chapter in West Virginia with offices in Charleston.

6.  Defendant DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1).  DOJ, by and through its component, EOUSA, has possession, custody, and control of records to which AFPF seeks access and that are the subject of this Complaint.

## FACTS

### I. SDWV U.S. Attorney Michael Stuart's Radio Ads

7.  SDWV U.S. Attorney Michael Stuart ran a radio ad opposing criminal justice reforms in West Virginia.  *See* Audio Recording: Advertisement on WV Metro News (Mar. 2020), *available at* https://bit.ly/2Z5kwoz (ad begins at the 1 hour 40 minute timestamp).

8.  The ad argues that law enforcement is effectively fighting crime but not because "we're hugging the bad guys" and warns "bail reform and other social justice initiatives threaten to reverse course."  *Id*.  It adds that "revolving doors from arrests to the street only embolden criminal activity."  *Id*.  It imagines that "there's only one way to kill a snake, you gotta take the head completely off."  *Id*.  The ad concludes with "this is no time to go soft on crime."  *Id*.  The narrator identifies himself: "I'm Mike Stuart, the United States Attorney for the Southern District of West Virginia, and I'll keep fighting for us to keep winning."  *Id*.

9.  Mr. Stuart's office also put out a press release touting its "Public Service Announcements," which includes a transcript of a different ad than cited above, stating that the PSAs would start airing on February 17, 2020.  *See* Press Release, U.S. Attorney's Office of the

SDWV, United States Attorney Mike Stuart Launches Public Service Announcements (PSAs) (Feb. 15, 2020), *available at* https://bit.ly/3e9kQXG.

10. Mr. Stuart's office ran the ads at the same time the West Virginia state legislature was considering several important bills, some of which touched on issues in Stuart's narrative. Many of these reform bills passed the state legislature, aiding citizens and helping to re-integrate people into society. *See, e.g.*, H.B. 4714 (Seizure and Forfeiture Reporting Act); H.B. 2419 (Bail Reform); S.B. 620 (Parole Reform); H.B. 4958 (Ending Driver's License Suspension for Failure to Pay Court Fines/Fees); H.B. 4004 (Creating the West Virginia Sentencing Commission); S.B. 562 (Expungement Expansion); H.B. 4352 & H.B. 4353 (Fresh Start Expansions).[1]

## II. Defendant's Processing of AFPF's FOIA Request

11. By letter, dated April 1, 2020 and transmitted through FOIAOnline, AFPF submitted a FOIA request to DOJ/EOUSA seeking access to six categories of records:

1. All emails sent or received by Michael Stuart or his direct reports containing the following terms and reasonable variants thereof: "ads", "advertisement", "advertisements", "bail reform", "parole reform", "civil asset forfeiture", "expungement", "public service announcement", "public service announcements", "PSA", "PSAs", or "fresh start".
2. All communications by or between Michael Stuart or his direct reports and any member of the West Virginia legislature; any staff of the West Virginia legislature; the Governor's office of West Virginia; or any staff of the Governor's office of West Virginia.
3. All records reflecting the total cost of these ads, including what sources of funds paid for these ads.
4. All records reflecting the decision to run these ads.
5. All records containing audio recordings of the ads, including any audio recordings that were ultimately not released to the public.[2]
6. All communications between SDWV and any radio, television, or print company in connection with placing and running these adds.

Ex. 1.

---

[1] All bills are from the 2020 Session of the West Virginia Legislature.

[2] The request noted that "[t]his item encompasses all such communications and should not be limited to communications regarding the radio ads." *Id.* at 3, n.5.

12. The letter was signed by AFPF-WV State Director Jason Huffman and AFPF Policy Counsel, Eric R. Bolinder. *Id*. at 5.

13. AFPF identified the time period for its request as "January 1, 2020 to the present," and defined the term "present" as the date on which the agency begins its search for responsive records. *Id.* at 3 & 3 n.6.

14. AFPF defined the term "record" as "the entirety of the record any portion of which contains responsive information." *Id.* at 3 n.6 & 2 n.4.

15. AFPF requested a public interest fee waiver and classification as a representative of the news media for fee purposes. *Id.* at 3–4.

16. By email, dated April 3, 2020, DOJ issued a "third party" denial, alleging that AFPF "requested records concerning a third party (or third parties)." Ex. 2.

17. On the same day, via FOIAOnline text entry, DOJ determined that AFPF's fee waiver request was "not applicable as the request is not billable."

18. Also, on that day and via FOIAOnline entry text, DOJ issued a final disposition of "Full Denial Based on Exemptions."

19. By email, dated April 6, 2020, AFPF Counsel Eric Bolinder emailed Kevin Krebs, Assistant Director of the FOIA/Privacy Unit, EOUSA, noting that "an error may have been made" and seeking to resolve the error before "put[ting] us through the appeals process." Ex. 3.

20. AFPF indicated that the third-party denial may have been a "scrivener's error, as Mr. Stuart is a U.S. Attorney and many of the items of the request plainly ask for governmental records." Ex. 3.

21. AFPF asserted that "the request should be re-opened by your office, with a records search to follow." *Id*. Following submission of the letter, DOJ uploaded it to the official file on FOIAOnline.

22. By email, dated April 8, 2020, AFPF again contacted Mr. Krebs, noting "the FOIA Online portal changed from closed to open, and that your office uploaded the below correspondence as part of the file." Ex. 4. AFPF wanted to "reach out and see if there was any other update on processing of the FOIA and to confirm that it's been formally re-opened." *Id*. DOJ uploaded this to the FOIAOnline file.

23. Later that same day, DOJ formally re-opened the request, sending an acknowledgement letter assigning Tracking Number EOUSA-2020-002269. Ex. 5. DOJ took a 10-day extension on the request and placed it in the complex track. *Id*. DOJ did not include a fee determination in the letter. *Id*.

24. To date, DOJ has failed to provide any further update on the processing of AFPF's request, and it has not issued a final determination or produced any records.

## COUNT I
### Violation of the FOIA: Failure to Comply with Statutory Requirements

25. AFPF repeats and incorporates all the above paragraphs.

26. The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]"  5 U.S.C. § 552(a)(3)(A).

27. The FOIA also requires an agency to respond to valid requests within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. *Id.* § 552(a)(6)(A)–(B).  If an agency requires additional time to process a request, the FOIA mandates that the agency

provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" *Id.* § 552(a)(6)(B)(ii).

28. The FOIA request at issue in this case seeks access to agency records maintained by Defendant, reasonably describes the records sought, and otherwise complies with the FOIA and Defendant's applicable regulations.

29. Defendant has failed to issue a final determination on or to complete production of all records responsive to the FOIA requests at issue within the applicable time limits.

30. AFPF has exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff AFPF respectfully requests and prays that this Court:

a. Order Defendant to process AFPF's FOIA request and issue a final determination within twenty (20) business days of the date of the Order;

b. Order Defendant to produce all responsive records promptly upon issuing its final determination;

c. Maintain jurisdiction over this case until Defendant complies with the Order and, if applicable, adequately justifies its treatment of all responsive records;

d. Award AFPF its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

e. Grant such other relief as the Court may deem just and proper.

//

//

//

Dated: July 9, 2020

Respectfully submitted,

*/s/ Eric R. Bolinder*
Eric R. Bolinder
D.C. Bar No. 1028335
Ryan P. Mulvey
D.C. Bar No. 1024362

AMERICANS FOR PROSPERITY FOUNDATION
1310 N. Courthouse Rd., Suite 700
Arlington, VA 22201
Telephone: 571-329-3324
EBolinder@afphq.org
RMulvey@afphq.org

*Counsel for Plaintiff Americans for Prosperity Foundation*