UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION,<br><br>        *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br><br>        *Defendant*. | Civil Action No. 20-1848 (DLF) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRESERVATION ORDER AND REQUEST FOR EXPEDITED CONSIDERATION**

Plaintiff Americans for Prosperity Foundation ("AFPF") has filed a motion for an order to compel preservation of "agency records in a government employee's email account" and requests for expedited consideration. *See* AFPF's Mot. at 1. Regardless of the merit, or lack thereof of AFPF's underlying Freedom of Information Act (FOIA) claim in this lawsuit, AFPF's preservation motion should be denied. AFPF's motion does not carry AFPS's burden of demonstrating the necessity of a preservation order.

**BACKGROUND**

On April 1, 2020, AFPF submitted a FOIA request to the Executive Office for United States Attorneys ("EOUSA") seeking records from January 1, 2020, to the present pertaining to radio advertisements ran by U.S. Attorney Michael Stuart for the Southern District of West Virginia. Compl. Ex. 1. On April 8, 2020, EOUSA acknowledged receipt of AFPF's request. *Id.* Ex. 5.

On July 9, 2020, AFPF filed the instant lawsuit because EOUSA had neither issued a final determination regarding its FOIA request, nor produced any records. *Id.* ¶ 24.  By letter dated July 24, 2020, EOUSA released to AFPF 100 pages responsive to its request; 10 pages were released in full and 90 pages were released in part withholding information pursuant to FOIA Exemption (b)(6).  Exhibit A.

On August 10, 2020, Defendant filed its Answer.  ECF No. 10.  By Minute Order dated August 10, 2020, the Court ordered the parties to meet and confer and file a joint status report proposing a schedule for further proceedings by September 8, 2020.

On August 21, 2020, AFPF indicated its intention to file a motion for an order to preserve records with respect to an e-mail account pertaining to U.S. Attorney Mike Stuart, unless Defendant affirmed that this was a government account already subject to retention for the duration of the instant FOIA request, or affirmed that this was a private account and affirmed that it was being preserved.  AFPF's Mot. Ex. 5.  AFPF's request is based on an email that U.S. Attorney Mike Stuart sent from his government e-mail account to his personal e-mail account; the e-mail is a forward from Mr. Stuart's government e-mail account to his personal e-mail account of two MP3 audio files.  AFPF's Mot. Ex. 2.

On August 25, 2020, Plaintiff's counsel and the undersigned counsel spoke over the phone.  During this conversation, the undersigned counsel indicated that at this point she was unable to provide Defendant's final position on AFPF's motion seeking a preservation order.  The parties also discussed the adequacy of EOUSA's search; Plaintiff's counsel indicated that attachments were missing from EOUSA's production.  On August 26, 2020, AFPF filed the instant motion for preservation order.  ECF No. 11.

Following the parties' conversation of August 25, 2020, the undersigned counsel reviewed the 90 pages that were released to AFPF for possible missing attachments. By e-mail dated September 1, 2020, the undersigned counsel informed Plaintiff's counsel that, having reviewed the documents released by EOUSA, she determined that the only missing attachments were MP3 files – audio files. Exhibit B. During a phone conversation which took place on September 4, 2020, the undersigned counsel informed Plaintiff that the audio files were being mailed to Plaintiff, as EOUSA was unable to email the files. On the same day, given that a joint status report was due on September 8, 2020, and that plaintiff's counsel are on leave the week of September 7, 2020, the parties agreed to request additional time from the Court for discussion and submit another joint status report on September 18, 2020.

## STANDARD OF REVIEW

The Government agrees that a motion for a preservation order is effectively seeking injunctive relief. *See* AFPF's Mot. at 5; *see also Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, No. 14-765, 2016 WL 10676292, at *2 (D.D.C. Dec. 12, 2016); *United States v. Sum of $70,990,605,* 991 F. Supp. 2d 154, 160 (D.D.C. 2013) (applying the traditional preliminary injunction framework to a request for an injunction prohibiting destruction of evidence) (quoting *In re Navy Chaplaincy,* 516 F. Supp. 2d 119, 122 (D.D.C. 2007)). Thus, as stated by AFPF, this Court must determine (1) the likelihood of AFPF's success on the merits; (2) the risk of irreparable harm; (3) the prospect that others will be harmed by the preservation order; and (4) the public interest. *Id.* at *2-4.

In the past, the D.C. Circuit has applied a "sliding scale" approach to these four factors, holding that "injunctive relief may be granted with either a high likelihood of success and some

injury, or vice versa." *Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985).  However, in 2008, the Supreme Court rejected the notion that "when a plaintiff demonstrates a strong likelihood on the merits," a court could enter an injunction on a showing of the "possibility" of irreparable harm. *Winter v. NRDC,* 555 U.S. 7, 21 (2008). Instead, when seeking equitable relief, a plaintiff must always "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* at 22 (emphasis in the original). Following *Winter*, courts in this Circuit have held that a movant must show that irreparable injury is "likely," regardless of its showing on the merits. *See e.g., Singh v. McConville,* 187 F. Supp. 3d 152, 160 (D.D.C. 2016). Regardless of the standard applied, plaintiff has failed to carry its heavy burden of persuasion necessary for the extraordinary relief of a preservation order.

## ARGUMENT

In the instant case, the four factors listed above weigh against the issuance of a preservation order and, more importantly, AFPF has not demonstrated a likely irreparable harm. AFPF has not demonstrated that a preservation order is necessary to ensure the availability of records responsive to its FOIA request. Furthermore, the requested preservation order would intrude on significant personal privacy interests of Mr. Stuart. Likewise the Government has a strong interest in limiting intrusions into its employees' personal privacy. Thus, given that AFPF has not established a likely irreparable injury, and that all other factors weigh against AFPF, this Court should not grant AFPF's request for a preservation order.

### I. Likelihood of Success on the Merits

AFPF points to one e-mail as evidence that Defendant failed to conduct an adequate search for responsive records. AFPF's Mot. at 6. The e-mail in question is a forward e-mail that

4

U.S. Attorney Michael Stuart ("USA Stuart") sent from his government e-mail account to his personal e-mail account containing two MP3 audio file attachments. AFPF's Mot. Ex. 2. AFPF asserts that because EOUSA produced no records from USA Stuart's personal e-mail account, EOUSA's search for responsive records is inadequate.[1] *Id.*

The adequacy of EOUSA's search is an issue directly related to the underlying merits of the instant FOIA case which can be briefed at a later stage, subject to the Court's discretion. Because this e-mail emanated as a forward from USA Stuart's government e-mail account, EOUSA has access and control over this email and its attachments and therefore can produce the email along with its attachments without the need to search USA Stuart's personal e-mail account. Furthermore, this e-mail alone is certainly not evidence of the use of a personal e-mail account without an associated government e-mail account.

Finally, USA Stuart has indicated that whenever he sends or receives work-related e-mail on his personal e-mail account, his customary practice is to forward the e-mail to his government e-mail account or to copy his government e-mail address on the correspondence. Stuart Decl. ¶ 6. As stated by this Court, "[g]overnment officials are "presumed to have properly discharged the duty to forward official business communications from a personal email account to an official email account."" *Democracy Forward Found. v. U.S. Dep't of Commerce,* No. 18-0246, 2020 WL4219610, at * 4 (D.D.C. July 22, 2020) (quoting *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 319 F. Supp. 3d 431, 437-38 (D.D.C. 2018). Accordingly, based on this presumption, a search of Mr. Stuart's personal e-mail account "would be unnecessarily duplicative of a search of [Mr. Stuart's] official email account." *Judicial Watch, Inc.*, 319 F. Supp. 3d at 438.

---

[1] AFPF also asserts that the MP3 files attached to the e-mail forwarded to USA Stuart's personal e-mail account were not produced. As previously mentioned, the Government is currently in the process of providing AFPF with copies of these audio files.

These facts alone are sufficient to demonstrate that a preservation order is unnecessary and unwarranted here, as there is no indication on AFPF's part that there is a likelihood of success on the merits. Thus this factor weighs in favor of Defendant.

## II.     Risk of Irreparable Harm

Next Plaintiff asserts that there is a risk of irreparable harm because there is nothing from preventing USA Stuart from destroying work-related records on his personal e-mail account. AFPF's Mot. at 7-8.  But AFPF's speculative assertion is inadequate to establish that, absent a preservation order, there is a likelihood that potential work-related e-mails on USA Stuart's personal e-mail account would be destroyed.  As attested to in his declaration, USA Stuart forwards work-related e-mails from his personal account to his official email account. Stuart Decl. ¶ 6. Furthermore, USA Stuart has stated that he will cooperate with EOUSA regarding compliance with future Court orders entered in this case. *Id.* ¶ 7.

Thus, in the context of a preservation order, mere speculation is not sufficient to establish a risk of irreparable harm. *See Winter,* 555 U.S. at 20 (in order to secure injunctive relief, a plaintiff must demonstrate that irreparable injury is "likely" not just probable); *See e.g. Sum of 470,990,605, 991,* 991 F. Supp. 2d at 163; *It's a 10, Inc. v. Beauty Elite Grp., Inc.,* 932 F. Supp. 2d 1325, 1335 (S.D. Fla. 2013)(denying a preliminary injunction to prevent the destruction of evidence because "the purported harm is speculative, rather than actual or imminent"). As AFPF merely provides speculative assertions of the risk of irreparable harm, this factor also tips the scale in favor of Defendant.

6

### III.     Potential Harm to Other Parties

AFPF then asserts that the requested preservation order would not harm any third party, nor would it unreasonably invade USA Stuart's privacy interests. AFPF Mot. at 8. However, this is simply incorrect – a public official "has a legitimate expectation of privacy in his personal communications." *Nixon v. Administrator of General Services*, 433 U.S. 425, 465 (1977). As explained by USA Stuart, the personal e-mail account at issue is used to communicate with his family and friends, and therefore these communications are intended to be private communications. Stuart Decl. ¶ 6. As USA Stuart explains he occasionally receives work-related e-mails in his personal e-mail account. *Id.* Thus, the contents of USA Stuart's personal e-mail account will contain far more personal correspondence, with only a small fraction of work-related e-mails. *Id.*

AFPF argues that courts have routinely granted preservation orders to emails from personal email accounts. AFPF Mot. at 9. AFPF cites to *Judicial Watch, Inc. v Dep't of Justice*, No. 17-29 (D.D.C. Jan. 17, 2017), however the facts of this case are distinguishable and wildly different. In the *Judicial Watch, Inc.,* No. 17-29, CNN had reported that Peter Kadzik, the Assistant Attorney General of Legislative Affairs, used a Gmail account to John Podesta, chairman of Hillary Rodham Clinton's presidential campaign, concerning the State Department's review of former Secretary Clinton's emails. Similarly, in *Cause of Action Inst. v Dep't of Justice*, No. 18-1800, there was evidence that a government official may have used her personal Gmail account to respond to a *Washington Post* story about former Attorney General Jeff Sessions. In *Judicial Watch, Inc.,* No. 18-967, again there was an OIG report indicating that former FBI Director James Comey used a Gmail account in numerous instances to conduct FBI

business.  And finally, *Judicial Watch, Inc.,* No. 16-967, the agency suggested that officials may have been acting without authorization by sending emails from personal accounts.

However, in the instant case, there is no indication, and Plaintiff offers no evidence, that USA Stuart has used his personal e-mail account to conduct official business without an associated government e-mail account.  Furthermore, the fact that preservation orders have been issued in cases with distinguishable sets of facts, does not lend further support to AFPF's position that such an order would not unreasonably invade USA Stuart's privacy interest.  As preservation order would unnecessarily and unreasonably invade USA Stuart's privacy interest, this factor weighs in favor of Defendant.

## IV.     The Public Interest

There is no public interest in favor of granting an order to preserve any work-related records in USA Stuart's personal e-mail account as Plaintiff has offered no indication that USA Stuart has used a personal e-mail account without an associated government e-mail account.  As discussed above, USA Stuart has indicated that whenever he sends or receives work-related e-mail on his personal e-mail account, his customary practice is to forward the e-mail to his government e-mail account or to copy his government e-mail address on the correspondence.  Stuart Decl.  ¶ 6.  FOIA should not require federal employees to sacrifice the privacy of their personal email accounts, when there is no evidence supporting the use of a personal email account without the use of an associated government email account.

As each of the factors favor Defendant and, more importantly as AFPF does not establish a likely irreparable injury, AFPF's request for a preservation order should be denied.

8

## CONCLUSION

For the reasons discussed above, Defendant respectfully submits that plaintiff's motion for a preservation order should be denied. There is no significant threat of losing access to the e-mails responsive to AFPF's FOIA request, and USA Stuart's privacy interests weigh against entry of a preservation order.

Dated: September 9, 2020　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　MICHAEL R. SHERWIN
　　　　　　　　　　　　　　　　　　Acting United States Attorney

　　　　　　　　　　　　　　　　　　Daniel F. Van Horn
　　　　　　　　　　　　　　　　　　Chief, Civil Division
　　　　　　　　　　　　　　　　　　D.C. Bar #924092

　　　　　　　　　　　　　　　　　　By: /s/ *Kathleene Molen*
　　　　　　　　　　　　　　　　　　KATHLEENE MOLEN
　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　555 4th Street, N.W.
　　　　　　　　　　　　　　　　　　Washington, District of Columbia 20530
　　　　　　　　　　　　　　　　　　Telephone: (202) 803-1572
　　　　　　　　　　　　　　　　　　Kathleene.Molen@usdoj.gov

　　　　　　　　　　　　　　　　　　*Counsel for Defendant*